**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH GREEN; DAVID A. BARRON; MARCELLA A. BARRON; JOHN S. BENSON; MANUEL C. CASTILLO, Sr.; OSCAR G. CORTEZ; KRISZTINA DOMBROVARI; THOMAS G. FILIATREAU; VICKI S. FILIATREAU; GUSTAVO GARCIA; CARLEEN HARMON; ROBB C. KELLEY; TIMOTHY L. KING; CAROL A. KING; MARGARITA LARKINS; JOHN E. LARKINS; GABRIEL LARKINS; JOSE LOPEZ; DAVID A. MAHLIN; SANDRA C. MAHLIN; DENISE A. MENDOZA; GUILLERMO A. MENDOZA, Jr.; DOUGLAS B. MOORE; DOUG MOREAU; DALE W. PETERSON; JERI S. PETERSON; NANCY QUINTERO-OROZCO; JAIME ZAMORANO; BRET E. RIGGS; STEVEN A. STAPLETON; SHENDALE R. STAPLETON,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>COUNTRYWIDE HOME LOANS, INC., a New York corporation; RECONTRUST COMPANY; LITTON LOAN | No. 11-17663<br><br>D.C. No. 3:09-cv-00374-ECR-GWF<br><br>MEMORANDUM[*] |

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

SERVICING; AURORA LOAN SERVICES; CR TITLE SERVICES, INC.; HOUSEKEY FINANCIAL CORPORATION; QUALITY LOAN SERVICE CORPORATION; NATIONAL DEFAULT SERVICING CORPORATION; FIDELITY NATIONAL TITLE INSURANCE COMPANY; NDEX WEST, LLC; THE BANK OF NEW YORK MELLON; GMAC MORTGAGE, L.L.C., a Delaware corporation; NATIONAL CITY MORTGAGE, a foreign company and a division of National City Bank, a subsidiary of National City Corporation; NATIONAL CITY CORPORATION, a Delaware corporation and a subsidiary of PNC Financial Services, Inc.; PNC FINANCIAL SERVICES, INC., a Pennsylvania corporation; CITIMORTGAGE, INC., a New York corporation; HSBC MORTGAGE CORPORATION, U.S.A., a Delaware corporation; WELLS FARGO BANK, NA, a California corporation, DBA Wells Fargo Home Equity, DBA Wells Fargo Home Mortgage, Inc.; BANK OF AMERICA, NA, a Delaware corporation; NATIONAL CITY BANK,

Defendants - Appellees.

-2-

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., Senior District Judge, Presiding

Submitted November 7, 2013[**]
San Francisco, California

Before: TASHIMA, W. FLETCHER, and NGUYEN, Circuit Judges.

Plaintiffs, homeowners whose home loans have fallen into default, appeal the district court's order dismissing their Proposed First Amended Complaint ("PFAC") without leave to amend under Federal Rule of Civil Procedure 12(b)(6). We affirm.

Plaintiffs challenge the order of the Judicial Panel on Multidistrict Litigation ("JPML") transferring this case to the U.S. District Court for the District of Arizona ("MDL Court") and the MDL Court's order interpreting the JPML's order. We lack jurisdiction to review the JPML's order because Plaintiffs have not sought a writ of mandamus. 28 U.S.C. § 1407(e); *Robinson v. Am. Home Mortg. Servicing, Inc.* (*In re Mortg. Elec. Registration Sys., Inc.*), No. 11-17615, at *14 (9th Cir. 2014). Plaintiffs waived their challenge to the MDL Court's order by not "specifically and distinctly" arguing it in their opening brief. *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

On remand from the MDL Court, the district court properly dismissed Plaintiffs' claim for unjust enrichment. Under Nevada law, unjust enrichment is not available when the parties had an express, written contract. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).

Even if unjust enrichment is available when a contract is procured by fraud, Plaintiffs did not plead fraud with particularity. *See* Fed. R. Civ. P. 9(b). The PFAC is "shot through with general allegations that the 'defendants' engaged in fraudulent conduct." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007). It does not "identify the role of each defendant in the alleged fraudulent scheme." *Id.* (alterations and internal quotation marks omitted). Nor does it identify the specific content of any individual misrepresentation, where or when it was made, or which defendant made it to which plaintiff. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).

Because Plaintiffs' claim for unjust enrichment fails, the district court also properly dismissed their requests for injunctive and declaratory relief.

Although a district court should grant leave to amend liberally, the court may deny leave if amendment would be futile. *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2012). Because the PFAC did not state a claim for relief,

the district court's decision that the amendment would be futile was not an abuse of discretion.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011).

**AFFIRMED.**